CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 01 2016

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MARSHA LAMBERT MAINES, | ) |
| Appellant, | ) Civil Action No. 3:15CV00056 |
| v. | ) **MEMORANDUM OPINION** |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST AS TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST, | ) By: Hon. Glen E. Conrad<br>) Chief United States District Judge |
| Appellee. | ) |

Marsha Lambert Maines, proceeding pro se, appeals from an order entered by the United States Bankruptcy Court for the Western District of Virginia, in which the bankruptcy court overruled Maines' objection to a claim filed by Wilmington Fund Society, D/B/A Christiana Trust as Trustee of the Residential Credit Opportunities Trust ("Wilmington"); denied Maines' motion to strip Wilmington's lien; and granted Wilmington's motion for relief from the automatic stay. For the reasons that follow, the bankruptcy court's order will be affirmed.[1]

### Background

On May 6, 2015, Maines filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Virginia. On June 12, 2015, Wilmington filed a proof of claim (Claim 4-1) in the amount of $282,665.30, based on a note secured by a deed of trust on Maines' property in Stephens City, Virginia.

---

[1] Maines has filed a number of motions that are difficult to follow. The court will grant her motion to amend her opening brief (Docket No. 21). All other motions will be dismissed as moot.

Maines filed an objection to Claim Number 4-1 on June 25, 2015. Her bankruptcy case was converted to a proceeding under Chapter 7 on July 24, 2015.

On July 31, 2015, Wilmington filed a motion for relief from the automatic stay imposed by 11 U.S.C. § 362(a), citing a lack of adequate protection, a lack of equity, and abuse of the bankruptcy system by the debtor. Maines' objection to Claim 4-1 and Wilmington's motion for relief were set for a hearing before the bankruptcy court on August 17, 2015. On August 14, 2015, Maines filed a "motion to strip the purported 'deed of trust lien' from public land records and order [that] a deed of reconveyance be recorded."

At the hearing on August 17, 2015, the bankruptcy court heard Maines' objection to Claim No. 4-1, her motion to strip the deed of trust, and Wilmington's motion for relief. On October 13, 2015, the bankruptcy court entered an order overruling Maines' objection, denying her motion to strip, and granting Wilmington's motion for relief. After unsuccessfully seeking reconsideration of the bankruptcy court's decision, Maines filed the instant appeal. The matter has been fully briefed and is ripe for review.

## Standard of Review

This court has appellate jurisdiction over the matter pursuant to 28 U.S.C. § 158(a). On appeal, the court reviews the bankruptcy court's factual findings for clear error and its legal conclusions de novo. In re Kielisch, 258 F.3d 315, 319 (4th Cir. 2001).

## Discussion

### I. Objection to Claim 4-1

Section 501 of the Bankruptcy Code authorizes any creditor of an estate to file a proof of claim. See 11 U.S.C. § 501(a). Section 502 provides that a proof of claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If such party objects, the court, after notice and a hearing, must determine the amount and validity of the claim. 11 U.S.C. § 502(b).

2

"The Bankruptcy Code establishes a burden-shifting framework for proving the amount and validity of a claim." In re Hartford Sands Inc., 372 F.3d 637, 640 (4th Cir. 2004). When a claimant files a proof of claim with all of the required supporting documentation, it is prima facie evidence of the claim's validity and the amount owed by the debtor. In re Falwell, 434 B.R. 779, 783 (Bankr. W.D. Va. 2009); see also Fed. R. Bankr. P. 3001(f) ("A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."). "The burden then shifts to the debtor to object to the claim," and to "introduce evidence to rebut the claim's presumptive validity." Hartford Sands, 372 F.3d at 640. Such evidence "must be sufficient to demonstrate the existence of a true dispute and must have probative force equal to the contents of the claim." Falwell, 434 B.R. at 784 (emphasis omitted). "If the debtor offers such evidence, the burden shifts back to the creditor to produce evidence meeting the objections and establishing the claim." Id.

In this case, Wilmington filed Claim 4-1 along with sufficient supporting documentation, including the deed of trust recorded in the Office of the Clerk of the Circuit Court for the County of Frederick, the note secured by the deed of trust, and notices of assignment of the deed of trust. Accordingly, the claim was properly presumed to be valid, and the burden shifted to Maines to rebut the presumption. The only pertinent evidence propounded by Maines was a default order issued by a bankruptcy court in the Middle District of Florida on August 20, 2010, which sustained Maines' objection to a claim filed by Bank of America, the entity that previously held the deed of trust on her property in Stephens City. That order, however, was vacated after the dismissal of her Florida bankruptcy case. On June 4, 2012, the Florida bankruptcy court issued an order confirming that the particular default order sustaining Maines' objection "was rendered ineffective when the case was dismissed." In re Maines, No. 8:10-bk-05213-CPM, Order at 1

3

(Bankr. M.D. Fla. June 4, 2012) (citing 11 U.S.C. § 349).[2] Because Maines offered no other evidence undermining the validity of the deed of trust, the bankruptcy court correctly held that she had not rebutted the presumptive validity of Wilmington's claim. Accordingly, the bankruptcy court did not err in overruling Maines' objection to Claim 4-1 and concluding that it was an allowed secured claim.

## II.     Motion to Strip

The court must also affirm the bankruptcy court's decision to deny Maines' motion to strip the deed of trust and order a deed of reconveyance. Section 506(d) of the Bankruptcy Code provides that a lien may be avoided to the extent that the claim purportedly secured by the lien is not an allowed secured claim. See 11 U.S.C. § 506(d). Because Claim 4-1 was properly deemed to be an allowed secured claim, it follows that Maines was not entitled to relief under § 506(d). See Dewsnup v. Timm, 502 U.S. 410, 417 (1992) ("We hold that § 506(d) does not allow petitioner to 'strip down' respondents' lien, because the respondents' claim is secured by a lien and has been fully allowed pursuant to § 502."); see also Bank of Am., N.A. v. Caulkett, 135 S. Ct. 1995, 1998 (2015) ("[Section] 506(d) permits the debtors here to strip off the Bank's junior mortgages only if the Bank's 'claim' . . . is 'not an allowed secured claim.'").

In moving to strip the deed of trust, Maines once again relied on the default order issued by the Florida bankruptcy court in August of 2010 to suggest that the deed of trust was an invalid lien. The bankruptcy court found that Maines' repeated reliance on that order, which was subsequently vacated, was "deceptive" and "misleading," and that it did not have the authority to

---

[2] The default order was entered after counsel for Bank of America failed to appear at a scheduled hearing. Upon learning of the entry of the order, counsel for Bank of America immediately filed a motion for reconsideration. That motion was ultimately denied as moot, since the dismissal of the bankruptcy case rendered the default order ineffective. See In re Maines, No. 8:10-bk-05213-CPM, Order at 1.

4

grant the relief that Maines requested. In re Maines, No. 15-60865, Order at 8 (Bankr. W.D. Va. Oct. 13, 2015). Upon review of the record, as well as the parties' briefs, the court finds no error in the bankruptcy court's decision to deny Maines' motion.

### III. Motion for Relief from Stay

The filing of a bankruptcy petition generally operates to stay "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy proceeding], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy proceeding.]" 11 U.S.C. § 362(a)(1). However, a party in interest may move for relief from the stay under certain circumstances. See 11 U.S.C. § 362(d). The decision to lift the automatic stay "is within the discretion of the bankruptcy court" and "may be overturned on appeal only for abuse of discretion." In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992).

In this case, Wilmington moved for relief from the automatic stay pursuant to 11 U.S.C. § 362(d), and that motion was granted by the bankruptcy court.[3] The bankruptcy court found that relief from the stay was appropriate under § 362(d)(1), and that Wilmington was entitled to in rem relief under § 362(d)(4). The bankruptcy court modified the stay "to permit Wilmington and its successors and assigns to proceed under state law as it pertains to the real property located at 102 Dinwiddie Ct., Stephens City, VA 22655-5901." In re Maines, No. 15-60865, Order at 12. For the following reasons, the court concludes that the bankruptcy court did not abuse its discretion in granting Wilmington's motion.

---

[3] The bankruptcy court had jurisdiction over Wilmington's motion pursuant to 28 U.S.C. § 1334, and it was a core proceeding under 28 U.S.C. § 157(b)(2)(G). See, e.g., In re Beaumont, 548 B.R. 437, 441 (D.S.C. 2016) ("What constitutes a core proceeding is set forth in 28 U.S.C. § 157(b)(2), and includes 'motions to terminate, annul, or modify the automatic stay.'") (quoting 28 U.S.C. § 157(b)(2)(G)). Thus, contrary to Maines' assertion, the bankruptcy court was not limited to issuing a report and recommendation on Wilmington's motion.

5

A.   **Section 362(d)(1)**

Under § 362(d)(1), the bankruptcy court has the discretion to lift the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). "Generally, whether a property is adequately protected is determined on a case-by-case basis." In re McCullough, 495 B.R. 692, 695 (W.D.N.C. 2013). While the term "adequate protection" is not defined in the Bankruptcy Code, § 361 provides several nonexclusive examples of what may constitute adequate protection, including "periodic cash payments" to a creditor, replacement liens, or "such other relief" that would result in the "indubitable equivalent" of the creditor's interest in the debtor's property. 11 U.S.C. § 361.

The party seeking relief under § 362(d)(1) has the initial burden of proving that its interest in the debtor's property is not adequately protected. In re McCullough, 495 B.R. at 695. This burden may be met with evidence that a debtor has a history of failing to make payments under a promissory note or bankruptcy plan. Id. (collecting cases). "[O]nce a creditor establishes a history of failing to make payments, the burden then shifts to the debtor to show why automatic relief should not be granted." Id.

In this case, Wilmington clearly satisfied its initial burden of establishing a lack of adequate protection. As of July 31, 2015, when Wilmington moved for relief from the automatic stay, Maines had missed 75 monthly loan payments, resulting in an arrearage of $74,022.93. Wilmington's evidence also demonstrated that Maines had no equity in the property. See id. at 696 ("Insufficient equity is inextricably linked to a lack of adequate protection."). The outstanding obligation owed to Wilmington ($284,054.85 as of July 27, 2015) was significantly greater than the tax-assessed value of the property ($219,900) and the value claimed by Maines ($150,000 on Schedule A and $170,400 on Schedule C).

In response to Wilmington's motion, Maines did not dispute that the property was worth less than the balance owed on the debt, or that she had not made payments on the debt. Moreover, she expressed no intention to make such payments in the future, and offered no other adequate protection for Wilmington's interest in the property. Accordingly, Wilmington was entitled to relief from the automatic stay under § 362(d)(1), and the bankruptcy court did not abuse its discretion in affording such relief.

**B.    Section 362(d)(4)**

The bankruptcy court also concluded that Wilmington was entitled to in rem relief under § 362(d)(4), because the filing of the most recent bankruptcy petition was part of a scheme to delay the mortgage creditor. Section 362(d)(4) provides, in pertinent part, that the bankruptcy court shall grant relief from the stay "with respect to a stay of an act against real property . . . by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting such real property." 11 US.C. § 362(d)(4).

The court's review of the record reveals that the bankruptcy court did not abuse its discretion in granting Wilmington relief under § 362(d)(4). Prior to filing the underlying bankruptcy case, Maines filed a bankruptcy case in the Middle District of Florida, which was ultimately dismissed. Three days before a scheduled foreclosure sale, Maines sought relief again from the Florida bankruptcy court. She moved to reopen the Florida bankruptcy case and enjoin Bank of America from foreclosing on the property. The Florida bankruptcy court reopened the case, which had the effect of canceling the foreclosure sale, but ultimately declined to grant the relief requested by Maines. After unsuccessfully seeking relief in other state and federal courts, Maines filed the underlying bankruptcy case, which once again had the effect of canceling a scheduled foreclosure sale. Moreover, as the bankruptcy court noted in its decision, Maines "has

7

flooded various courts with copies of the default order form the Florida bankruptcy court insisting that such order has voided the deed of trust lien against her property," and "yet has concealed from the courts the other orders from the Florida bankruptcy court reinstating the lien and invalidating the prior default order." In re Maines, No. 15-60865, Order at 10.

Based on this procedural history and the evidence before the bankruptcy court, it was not an abuse of discretion for the bankruptcy court to find that Maines' bankruptcy filings were part of a scheme to delay her mortgage creditor from exercising its rights under the deed of trust. Accordingly, the court must affirm the bankruptcy court's decision to grant Wilmington's request for relief under § 362(d)(4). See In re Alakozai, 499 B.R. 698, 702 (B.A.P. 9th Cir. 2013) ("[Section 362(d)(4)] permits the bankruptcy court to grant so-called 'in rem' relief from the automatic stay to the creditor to address schemes using the bankruptcy court to thwart legitimate foreclosure efforts through . . . multiple bankruptcy filings affecting the subject in rem property").

## Conclusion

For the reasons stated, the bankruptcy court's October 13, 2015 order will be affirmed. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the appellant and all counsel of record.

DATED: This 1st day of June, 2016.

_____
Chief United States District Judge

8